# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE GALLARDO,<br><br>Plaintiff,<br><br>v.<br><br>HANFORD JOINT UNION SCHOOL DISTRICT, a California Public School District, CHERYL HUNT, MARK DUTRA, and ANDREW MAZA,<br><br>Defendants. | 1:12-cv-01612 GSA<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. 52)** |

## INTRODUCTION

This is a 42 U.S.C. § 1983 action brought by Nathalie Gallardo ("Plaintiff"), a former student at Hanford High School against various school officials and the Hanford Joint Union School District ("school district"), which operates the high school. The defendants had previously brought a motion to dismiss the First Amended Complaint, which was granted with leave to amend. Plaintiff then filed a Second Amended Complaint and a Third Amended Complaint ("the complaint") with the permission of the Court. Pending before the Court is Defendants' motion to dismiss the Third Amended Complaint. (Doc. 52). The matter is fully briefed and was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. 35).

The Court will proceed directly to the merits of the pending motion as the factual background in the case is delineated in the Court's prior order and need not be rehashed here.

## PLAINTIFF'S THIRD AMENDED COMPLAINT

**(1) <u>Retaliation Claim Against Cheryl Hunt and Mark Dutra</u>**

Plaintiff's complaint sets forth one cause of action pursuant to 42 U.S.C. § 1983 against Mark Dutra and Cheryl Hunt (collectively "Defendants"), who were, respectively, the vice principal and principal of Hanford High School during the time period that is relevant to Plaintiff's claim. The complaint does not clearly delineate the precise contours of the § 1983 claims, but, based on the allegations set forth in support of thereof, it appears that Plaintiff is alleging that the Defendants retaliated against her for exercising her First Amendment and Due Process rights.

(a) <u>The Complaint's Factual Allegations</u>

Plaintiff alleges that on September 20, 2010, she was found to be in possession of a "small, folding blade knife" at school. Doc. 1, ¶ 12. The knife was turned over to Dutra and Hunt, who turned it over to the Hanford Police Department. Doc. 1, ¶ 14. "Hunt also made an order suspending [Plaintiff] from school forthwith due to her possession of the knife and made a further order recommending her expulsion as a student at Hanford High School. Doc. 1, ¶ 15. Plaintiff "then exercised her right to due process" and demanded "an evidentiary hearing" in accordance with state law and the school district's bylaws. Doc. 1, ¶ 16. Dutra testified in favor of expulsion at the evidentiary hearing, and showed "deep resentment at having to appear at the hearing and testify and have his authority challenged by the hearing officers." Doc. 1, ¶ 17. The hearing panel overruled Plaintiff's suspension and reinstated her as a student at Hanford High School. Doc. 1, ¶ 17. Dutra "displayed anger" at the decision of the hearing panel. Doc. 1, ¶ 17.

The complaint alleges that thereafter, upon her return to Hanford High School, Plaintiff

was not "permitted to participate as fully in her education experience … as were other students." Doc. 1, ¶ 18. She was "denied participation in student government, as well as in some curricular and extracurricular music programs." Doc. 1, ¶ 18. Her grades dropped and teachers and administrators, including Hunt and Dutra, did not secure for her "the individualized attention she felt she needed to catch up after her several weeks of unjustified suspension." Doc. 1, ¶ 18. After the intervention of legal counsel on Plaintiff's behalf, the school district held a meeting, with Hunt and Dutra present, and directed that Plaintiff immediately receive "remedial education benefits." Doc. 1, ¶ 18. "Hunt and Dutra were angry that [Plaintiff] had again gone over their heads in her petition" to the school district for "redress of her grievances." Doc. 1, ¶ 18. Thereafter, Plaintiff noted "incidents of disparate treatment by Hunt and Dutra." Doc. 1, ¶ 19. For example, Dutra ordered her "to collect refuse littering the Hanford High School grounds which she had no part in causing." Doc. 1, ¶ 20. Dutra would also question Plaintiff in public in a manner that incorrectly suggested she "was commonly engaged in censurable conduct in and around the Hanford High School." Doc. 1, ¶ 19. Dutra's conduct was known to Hunt. Doc. 1, ¶ 19.

Finally, regarding Plaintiff's injuries from the "unlawful retaliation and reprisals by defendants Hunt and Dutra," the complaint alleges that she was "precluded from opportunities to participate in performance based financing for higher education which resulted in higher advanced education costs to herself and her family." Doc. 1, ¶ 21. The complaint alleges that Plaintiff's economic damages are "estimated to be in excess of one million dollars … or according to proof." Doc. 1, ¶ 22.

(b) Applicable Legal Standards

"The Government is prohibited from retaliating for the lawful exercise of constitutional rights." *Louisiana Pac. Corp. v. Beazer Materials & Servs., Inc.*, 842 F. Supp. 1243, 1256 (E.D.

3

Cal. 1994); *see also White v. Napoleon*, 897 F.2d 103, 111–12 (3d Cir. 1990) ("[r]etaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution"). To state a claim under § 1983, including a claim for retaliation based on the exercise of constitutional rights, Plaintiff must prove: (1) "the violation of a right secured by the Constitution or laws of the United States;" and (2) "that the alleged deprivation [of the right in question] was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here Plaintiff asserts that Hunt and Dutra retaliated against her for asserting her Due Process and First Amendment rights. Retaliation claims generally encompass three elements: 1) plaintiff engaged in a protected activity; 2) defendant's retaliatory action was designed to interfere with that right or privilege; and 3) there was a causal connection between the protected activity and the retaliatory action. *See, e.g., Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 2014 WL 1123802 (E.D. Cal. Mar. 20, 2014) (No. 2:13-CV-00889-MCE-DAD), citing *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 825 (2009); *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 282 (3d Cir. 2004) ("In general, constitutional retaliation claims are analyzed under a three-part test. Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.").

Furthermore, "[d]eliberate retaliation by state actors against an individual's exercise of the right to petition is actionable under 42 U.S.C. section 1983." *Jefferson v. Tuteur*, 261 F. App'x 10, 11 (9th Cir. 2007), citing *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). To allege a First Amendment retaliation claim under § 1983 a plaintiff must show: "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the

4

protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Pinard v. Clatskanie School Dist*. 6J, 467 F.3d 755, 770 (9th Cir. 2006); *see also Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (stating that a plaintiff must show that the defendant's desire to chill the exercise of First Amendment rights was a "but-for cause" of his actions); *Lacey v. Maricopa County*, 693 F.3d 896, 916-917 (9th Cir. 2012) (en banc) (although a plaintiff need not show his "speech was actually inhibited or suppressed," he "must allege facts ultimately enabling him to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation) (internal quotation marks omitted); *Hartman v. Moore*, 547 U.S. 250, 260 (2006) ("It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway"); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008). The precise nature of the retaliation is not critical to the inquiry in First Amendment retaliation cases. The goal is to prevent, or redress, actions by officials that "chill the exercise of protected" First Amendment rights. *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). "If the plaintiff establishes the elements of a retaliation claim, the government can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." *See, e.g.*, *Lacey v. Maricopa County,* 649 F.3d 1118, 1132 (9th Cir. 2011) (internal quotations omitted).

(c) <u>Analysis</u>

In the instant motion, Hunt and Dutra move to dismiss the complaint on the basis that that the complaint is "uncertain as to whether [Plaintiff] is claiming retaliation or a denial of her First Amendment right to petition the government for redress for the deprivation of life, liberty and/or property without due process." Doc. 52 at 1. Hunt and Dutra further allege that the allegations in

the complaint are stated "in a conclusory fashion and without sufficient factual detail to support" a cognizable cause of action. Doc. 52 at 2. In her opposition, Plaintiff clarifies that the complaint seeks to allege a retaliation claim, specifically that Hunt and Dutra retaliated against her for exercising her Due Process and First Amendment rights, and that the claim meets the pleading standard set forth in Fed. R. Civ. P. 8(a). Doc. 55 at 2.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*.

In deciding whether the plaintiff has stated a claim, the Court must assume that the complaint's well-pleaded allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir.2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Here Plaintiff successfully petitioned the school district to overturn her suspension and potential expulsion from Hanford High School. Plaintiff also successfully petitioned the school

district to provide her with remedial instruction, to help her make up the lessons she missed during her suspension. Thus the only harm alleged in the complaint is that Plaintiff's grades dropped upon her return to school; "she was ordered by Dutra to collect refuse littering the Hanford High School grounds which she had no part in causing;" "she was subjected to close questioning and public scrutiny by defendant Dutra for incidents in which she obviously had no part;" and she was denied participation in "student government, music programs, and other similar programs, while other similarly, or lesser qualified students who had not demanded a due process hearing or petitioned for redress of grievances by opposing Hunt's and Dutra's actions were allowed to participate in those programs." Doc. 1, ¶¶ 18, 20. Based on the complaint's generalized allegations, there could be any number of reasons why Plaintiff's grades dropped; why she was not selected for student government and music programs; and why she was asked to participate in school clean-ups and subjected to school disciplinary measures. Given the lack of specificity in the factual allegations, Plaintiff's claim of retaliatory animus on the part of Hunt and Dutra does not rise above the level of her own speculation. The allegations in the complaint do not plausibly suggest that Plaintiff was treated differently than other students because of her exercise of her constitutional rights. Plaintiff has thus failed to allege a cognizable claim that Hunt and Dutra retaliated against her for exercising her constitutional rights.

More specifically, in relation to the elements of a retaliation claim, it is clear that in seeking an evidentiary hearing to overturn her suspension and potential expulsion from Hanford High School, and in petitioning the school district to provide remedial instruction following her suspension, Plaintiff was engaging in constitutionally-protected conduct. However, Plaintiff has not alleged sufficient facts to satisfy, for purposes of stating a cognizable claim under the applicable pleading standard, the other elements of a retaliation claim. First, Plaintiff has alleged minimal harm in the form of retaliatory actions. Next, Plaintiff has failed to allege facts that, if

taken as true, would show that a person of ordinary firmness would be deterred from engaging in the constitutionally-protected conduct at issue here, i.e., exercising the right to petition the school district for redress of grievances.  *See, e.g.*, *Lacey v. Maricopa County,* 649 F.3d 1118, 1132 (9th Cir. 2011) (to allege a First Amendment retaliation claim, a plaintiff must show that a defendant, by his actions, deterred or chilled a plaintiff's exercise of protected speech, and that such deterrence was a substantial or motivating factor in the defendant's conduct).  Finally, Plaintiff has failed to allege facts that, if taken as true, would show that Plaintiff's exercise of her constitutional rights was the "but for" cause of adverse actions by Hunt and Dutra.  In sum, the complaint's highly general and conclusory allegations, taken together, do not state a plausible entitlement to relief.  The complaint is therefore dismissed in its entirety.

As the instant complaint is Plaintiff's Third Amended Complaint, Plaintiff has already had four opportunities to state a cognizable claim.  Accordingly, the Court declines to grant further leave to amend.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Third Amended Complaint is dismissed in its entirety, without leave to amend.

IT IS SO ORDERED.

Dated:   **February 13, 2015**              **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE