**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHALIE GALLARDO, | **1:12-cv-01612 GSA** |
| Plaintiff, | |
| v. | **ORDER REGARDING DEFENDANTS' MOTION FOR ATTORNEY FEES** |
| HANFORD JOINT UNION SCHOOL DISTRICT, a California Public School District, CHERYL HUNT, MARK DUTRA, and ANDREW MAZA, | **(Doc. 69)** |
| Defendants. | |

**INTRODUCTION**

This is a 42 U.S.C. § 1983 action brought by Plaintiff Nathalie Gallardo ("Plaintiff"), a former student at Hanford High School, against the school principal at the time, Cheryl Hunt; an assistant or vice principal, Mark Dutra; a campus safety officer, Andrew Maza; and the Hanford Joint Union School District, which operates the high school (collectively, "Defendants"). After affording Plaintiff numerous opportunities to amend her complaint, the Court ultimately dismissed all of Plaintiff's claims pursuant to motions to dismiss filed by the Defendants. Plaintiff's appeal from this Court's dispositions as to her claims is currently pending before the U.S. Court of Appeals for the Ninth Circuit.

1

Pending now before this Court is Defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988. Doc. 69. The matter is fully briefed and was taken under submission on the papers pursuant to Local Rule 230(g).[1]  Doc. 73.

**DISCUSSION**

Defendants are the prevailing parties in this action as the Court ultimately dismissed all of Plaintiff's 42 U.S.C. § 1983 claims pursuant to motions to dismiss brought by the Defendants under Federal Rule of Civil Procedure 12(b)(6). As the prevailing parties in this action, Defendants request the Court to award attorney fees in the amount of $20,599.00 pursuant to 42 U.S.C. § 1988. Defendants argue as follows:

> Each of Plaintiff's four operative pleadings, the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint were meritless and frivolous, but nevertheless Plaintiff continued to prosecute the claims until the claim for purported violations of the Fourth Amendment for an unlawful search and seizure was dismissed without leave to amend … and thereafter Plaintiff's purported claim of retaliation was dismissed without leave to amend after two subsequent, failed attempts to plead the same.

Doc. 69 at 1.

42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision" of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." The Supreme Court has clarified that attorney's fees may be awarded to a prevailing defendant in civil rights cases, including suits brought under § 1983, only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). This rigorous standard applies to

---

[1] As a general rule, once a notice of appeal is filed the district court is divested of jurisdiction over the matters being appealed. *National Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003). However the Ninth Circuit has held that a notice of appeal from the final disposition of the case does not divest the District Court of jurisdiction to consider an award of attorney fees. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). Allowing the District Court to consider attorney fees while the case is on appeal prevents delay and allows the District Court to consider the request while the case is still fresh in the mind of the District Court. *Id.*

2

prevailing defendants—as contrasted with prevailing plaintiffs—because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.*, 434 U.S. at 418–19 (citation omitted).  Indeed, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as § 1983.  *Id.,* 434 U.S. at 422.  Therefore, the Ninth Circuit has held that attorney's fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances."  *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir. 1990).

Defendants argue that Plaintiff's claims were frivolous because the Court ultimately dismissed all of them after affording Plaintiff multiple opportunities to amend.  The fact that Plaintiff's claims ultimately proved legally insufficient to survive a Rule 12(b)(6) motion to dismiss does not make them frivolous or groundless for that reason alone.  *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d 163 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").  "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (citing *Christiansburg*, 434 U.S. at 422); *also see Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a plaintiff's civil rights claim is "frivolous" under the *Christiansburg* test if it "lacks an arguable basis in either law or fact").

Here, the Court gave Plaintiff's claims careful consideration and deemed it necessary to give Plaintiff multiple opportunities to amend her complaint.  Furthermore, Plaintiff's Fourth Amendment claims were dismissed on the basis of qualified immunity.

Thus, the Court cannot conclude that Plaintiff's claims were frivolous.  Accordingly, the Court declines to exercise its discretion to award attorney's fees to Defendants and against Plaintiff.  The Defendants' motion for attorney's fees is therefore DENIED.

IT IS SO ORDERED.

   Dated:   **August 4, 2015**                               **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE